IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN D. HAYNES, #87897-079, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 3:12-CV-0601-B-BK |
| § | | |
| UNITED STATES OF AMERICA, et al., § | | |
| Defendants. § | | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred to the United States Magistrate Judge for screening. For the reasons that follow, it is recommended that Plaintiff's claims be dismissed in part with prejudice as frivolous.

I. BACKGROUND

Plaintiff, a federal prisoner incarcerated within the federal Bureau of Prisons at FCI Seagoville, filed a *pro se* complaint against Defendants United States of America, U.S. Attorney General Eric Holder, Warden Maureen Cruz, Assistant Warden Barbara Von Blanckensee, Clinical Director Dr. Joseph Capps, Dr. A. Duckworth, Health Services Administrator Matthew McGaugh, Physician Assistant A. Nygen, and Mid-Level Practitioner A. Camarines. He requests compensatory and punitive damages for negligent medical treatment under the Federal Tort Claims Act (FTCA), and deliberate indifference to a serious medical condition, in violation of his Eighth Amendment rights, under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

## II.  ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his *Complaint*, as supplemented by his *Answers to the Magistrate Judge's Questionnaire*, is subject to screening under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).  Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.

**A.    FTCA**

The FTCA waives the United States' sovereign immunity from tort suits.  *See* 28 U.S.C. § 2674.  However, only the United States can be sued under the FTCA.  *See McGuire v. Turnbo,* 137 F.3d 321, 324 (5th Cir. 1998) )("To sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant").  Therefore, to the extent Plaintiff brings an FTCA claim against U.S. Attorney General Eric Holder (Doc. 3 at 3), his claim should be dismissed.

**B.    *Bivens***

To the extent Plaintiff sues the United States and Dr. Capps in his official capacity under *Bivens,* his claims should also be dismissed.  A *Bivens* action against the United States and a federal officer in his official capacity is barred by the doctrine of sovereign immunity.  *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001) (observing that *Bivens* provides a cause of action only against government officers in their individual capacities); *Williamson v. United States Dep't of Agriculture,* 815 F.2d 368, 373 (5th Cir. 1987) (The

doctrine of sovereign immunity "renders the United States, its departments, and its employees in their official capacities as agents of the United States immune from suit except as the United States has consented to be sued.").

### III. RECOMMENDATION

For the foregoing reasons, it is recommended Plaintiff's FTCA claim against Defendant Eric Holder and his *Bivens* claim against the United States and Dr. Joseph Capps in his official capacity be summarily **DISMISSED** with prejudice as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).[1]

SIGNED June 11, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Contemporaneously with this recommendation, the Court directed the Clerk of the Court to issue summons for the United States under the FTCA, and for Dr. Capps and the remaining Defendants, in their individual capacities, under *Bivens*.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE